# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4672 | **DATE** | 8/14/2001 |
| **CASE TITLE** | Holmes vs. Boehringer, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order with respect to the issue of jurisdiction. Parties are ordered to comply with Local Rule 81.2 within 14 days. Ruling set for 8/15/01 is reset for 9/7/01 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 15 2001 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| | Docketing to mail notices. | | LS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/14/2001 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | 01 AUG 14 PM 5:34 | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

BETTIE JONES HOLMES,

    Plaintiff,

v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC., a
Delaware Corporation, and
ROXANE LABORATORIES, INC.,

    Defendants.

No. 01 C 4672

DOCKETED
AUG 1 5 2001

## MEMORANDUM OPINION AND ORDER

Bettie Jones Holmes filed this claim for personal injuries in the Circuit Court of Cook County on May 17, 2001. The defendants filed a notice of removal before me on June 20, 2001, alleging that diversity jurisdiction[1] exists because the plaintiff's complaint seeks "an amount in excess of FIFTY THOUSAND DOLLARS ($50,000)" for both her negligence and strict liability claims, so the aggregate of her claims exceeds $75,000, the jurisdictional limit of 28 U.S.C. § 1332(a). I ordered the defendants to provide authority showing that they can aggregate claims pleaded in the alternative to establish the jurisdictional amount necessary for removal under 28 U.S.C. § 1441.

"Removal is proper over any action that could have originally

---

[1] According to the allegations of the Notice of Removal, Ms. Holmes is a citizen of Illinois, and Boehringer and Roxane are Delaware corporations with their principal places of business in Connecticut and Ohio, respectively.

been filed in federal court." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); 28 U.S.C. § 1441. For diversity jurisdiction, the basis on which the defendants seek removal, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). A plaintiff may aggregate all of the claims she has against a defendant to meet the jurisdictional amount required for § 1332. *See Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998). However, one claim pleaded in the alternative under separate legal theories *cannot* be aggregated for jurisdictional purposes. *See Marchionna v. Ford Motor Co.*, No. 94 C 275, 1995 WL 476591, at *8, 9 (N.D. Ill. Aug. 10, 1995) (Pallmeyer, J.) (Claims in the alternative could not be aggregated for removal purposes under Magnuson-Moss Act; the court predicted that similar principles would apply to diversity jurisdiction.).

Here the plaintiff's complaint contains two counts, one for negligence and one for strict liability. The defendants argue that these are really two claims, rather than one claim pleaded under two theories in the alternative. Both claims rely on the same facts and allege a failure to warn; all that differs between the two claims are the allegations of the nature of the defendants' duties. A right of recovery is distinct from a theory of liability; a plaintiff may have only one right of recovery though she "advances a variety of legal theories to support that recovery." *Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Ill.*

2

*Nat'l Bank & Trust Co. of Chi.*, 576 F. Supp. 991, 1004 (N.D. Ill. 1983) (Shadur, J.). The theories of negligence and strict liability "are merely different bases for a single recovery." *Indiana Harbor Belt R.R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir. 1988) (defining single "claim" for purposes of Fed. R. Civ. P. 54(b)); *see also Creel v. Union Elec. Co., Inc.*, 950 S.W.2d 315, 317 (Mo. Ct. App. 1997) (Claims for negligence and strict liability that are based on identical facts and seek identical damages "present[] only one claim for relief" because "separate recovery is not possible on each claim without resulting in double recovery."). The injury alleged and relief sought in both counts are the same, *see* Complaint Count I ¶ 7, Count II, and it is a "basic tenet that a plaintiff may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are sought for that injury." *Kipnis v. Meltzer*, 625 N.E.2d 320, 322 (Ill. App. Ct. 1993); *see also Indiana Harbor Belt R.R. Co.*, 860 F.2d at 1445; *Bragado v. City of Zion*, 839 F. Supp. 551, 555 (N.D. Ill. 1993) (Norgle, J.). Counts I and II of the plaintiff's complaint therefore state different legal theories of recovery for the same injury, not separate claims for relief, and they cannot be aggregated to meet the jurisdictional amount of § 1332(a). *See Marchionna*, 1995 WL 476591 at *8, 9.

Under Illinois pleading rules, a personal injury plaintiff may not specify exact damages in her complaint beyond a limit set by

the local circuit court rule. 735 ILCS 5/2-604; *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). The defendants say that the plaintiff's counsel confirmed that the plaintiff is seeking damages in excess of $75,000 and that she only prayed for "an amount in excess of $50,000" because of the requirements of § 2-604, but be that as it may,[2] the Local Rules of this District provide for this precise scenario. *See* Local General Rule 81.2(a). The defendants suggest that the Seventh Circuit has allowed removal under similar circumstances and cite *Shaw*, but that case predates Local Rule 81.2 (originally Local Rule 3, effective January 17, 1997, *see Huntsman Chem. Corp. v. Whitehorse Techs., Inc.*, No. 97 C 3842, 1997 WL 548043, at *4 (N.D. Ill. Sept. 2, 1997) (Coar, J.)). Because I am not yet satisfied that I have subject matter jurisdiction, the parties are ORDERED to comply with Local Rule 81.2 within fourteen (14) days.

ENTER ORDER:

_Elaine E. Bucklo_
Elaine E. Bucklo
United States District Judge

Dated : August 14, 2001

---

[2] This particular allegation did not appear in the notice of removal. Instead, the defendants relied on aggregation of Counts I and II to meet the jurisdictional limit. *See* Notice of Removal ¶5-7.

4