Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4672 | **DATE** | 10/30/2002 |
| **CASE TITLE** | Holmes vs. Boehringer Ingelheim, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion (43-1) for reconsideration of my July 17, 2002 order granting leave to file a second amended complaint is granted. Accordingly, plaintiff's motion to file a second amended complaint is denied and the second amended complaint previously filed in this case is hereby stricken. Any pending motion to dismiss second amended complaint is therefore denied as moot. Any answer filed to the second amended complaint is also stricken. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 7 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 3 1 2002 | |
| | Notified counsel by telephone. | | date docketed | 55 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/30/2002 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BETTIE JONES HOLMES, )
)
Plaintiff, )
)
v. )
) No. 01 C 4672
BOEHRINGER INGELHEIM )
PHARMACEUTICALS, INC., a Delaware )
corporation, ROXANE LABORATORIES, )
INC., a Delaware corporation, GLAXO )
WELLCOME, INC., a North Carolina )
corporation, ADVOCATE ILLINOIS )
MASONIC MEDICAL CENTER, an Illinois )
corporation, SHARI MEDINA, M.D., )
MICHAEL CROMEANS, M.D., RAMAMOORTHY )
SUNDARESAN, M.D., EVELYN TEBNER, )
M.D., and JAMES MALOW, M.D. )
)
Defendants. )

DOCKETED
OCT 31 2002

## MEMORANDUM OPINION AND ORDER

Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") and Roxane Laboratories, Inc. ("Roxane") move for reconsideration of my July 17, 2002 order granting Holmes leave to file a second amended complaint. I grant the motion for reconsideration.

I.

On January 27, 2000, plaintiff Bettie Jones Holmes was accidentally exposed to HIV in the course of her employment at Advocate Illinois Masonic Medical Center ("IMMC"). She was treated in IMMC's emergency room, where IMMC personnel prescribed and administered two drugs, Viramune and Combivir, in order to prevent

Ms. Holmes from becoming infected with HIV. Ms. Holmes continued to take the drugs as prescribed over the following weeks. On March 8, 2000, Ms. Holmes went into a hepatic coma and underwent an emergency liver transplant. On May 17, 2001, Ms. Holmes filed suit against Boehringer and Roxane, stating negligence and strict liability claims based on the defendants' manufacture and sale of Viramune, which allegedly caused her liver failure. The defendants removed the case to federal court. On October 25, 2001, Ms. Holmes successfully moved to file an amended complaint, adding warranty claims against the two original defendants and naming IMMC and Drs. Ramamoorthy Sundaresan, Evelyn Tebner, and James Malow, who were involved in Ms. Holmes' treatment following her HIV exposure, as respondents in discovery. Sometime in May of 2002, Ms. Holmes fired her original counsel, and a new plaintiff's attorney appeared on her behalf. On July 17, 2002, Ms. Holmes' new counsel moved for leave to file a second amended complaint naming the respondents in discovery as defendants and adding as new defendants Glaxo Wellcome, Inc. and Drs. Shari Medina and Michael Cromeans. I granted the motion, unaware that it was opposed. Boehringer and Roxane have filed a motion to reconsider, arguing that some of the new defendants are non diverse, thereby destroying this court's jurisdiction, and that the complaint would be subject to dismissal due to the applicable statute of limitations.

II.

This court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1332 and 1441. Such jurisdiction was proper at the time of removal because complete diversity of citizenship existed between the Illinois plaintiff and the Delaware defendants. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). As IMMC and all of the doctors are Illinois citizens, allowing the joinder of any of them as defendants would destroy federal jurisdiction in this case. While Rule 15 directs that leave to amend shall be "freely given," it is properly denied where there is "undue delay, bad faith, dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opponent, or where the amendment would be futile." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). An amendment may be futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *Id.* at 1008.

The claims Ms. Holmes seeks to join are futile because they could not withstand a motion to dismiss for violation of the statute of limitations. The statute of limitations on medical malpractice claims against physicians or hospitals is two years from the time a plaintiff knew, or through the use of reasonable

diligence should have known, of the injury. 735 ILL. COMP. STAT. 5/13-212(a) (2002).

Ms. Holmes contends that the two-year statute of limitations on her claims against IMMC and her physicians did not begin to run until July 2, 2002, when she received a Certificate of Physician stating that IMMC and its employees violated the standard of care. She states that this is the first time she became aware that the new defendants injured her. However, Ms. Holmes filed a negligence claim against Drs. Sundaresan, Tebner, and Malow in state court on May 6, 2002, indicating that she was aware of their allegedly deficient performance at least two months before she received the Certificate of Physician. More importantly, the Illinois Supreme Court has held that where the plaintiff's injury is caused by a "sudden traumatic event ... the cause of action accrues, and the statute of limitation begins to run, on the date the injury occurs." *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 899 (Ill. 1995). A plaintiff's stroke after ingestion of the birth control pill has been found to be a sudden traumatic event triggering the running of the statute of limitations. *Berry v. Searle*, 309 N.E.2d 550, 556 (Ill. 1974). *Berry* suggests that hepatic coma following ingestion of antiviral medication is also a sudden traumatic event.

Where the facts are not in dispute, and only one conclusion may be drawn from those facts, the question of whether a plaintiff knew or reasonably should have known that she was injured by the

4

defendants may be decided by the court as a matter of law. *Young v. McKiegue*, 708 N.E.2d 493, 499 (Ill. App. Ct. 1999). Here, it is undisputed that Ms. Holmes was aware of a sudden traumatic injury when she underwent a liver transplant on March 8, 2000. It is undisputed that Ms. Holmes was aware of a connection between the care she received at IMMC and her injury, as she commenced a lawsuit against the manufacturer of the drug she received there and named IMMC and its employees as respondents in discovery. Further, Ms. Holmes acknowledges that the July 2, 2002 Certificate of Physician, which supposedly brought her right of action to her attention for the first time, was based on medical records which had been in her original attorney's possession since commencement of the suit. Thus, as a matter of law, Ms. Holmes had constructive notice of her claims against IMMC and its employees in March of 2000, and her claims against them are now time-barred. Ms. Holmes offers no explanation whatsoever as to why she failed to name Glaxo Wellcome as a defendant earlier. The statute of limitations for personal injury claims outside the medical malpractice context is likewise two years; the claim against Glaxo Wellcome is also barred. 735 Ill. Comp. Stat. 5/13-202 (2002).

5

III.

Defendants' motion for reconsideration is GRANTED. Ms. Holmes' leave to file a second amended complaint is DENIED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 30, 2002